MARY KATE SULLIVAN (State Bar No. 180203)
HAROLD R. JONES (State Bar No. 209266)
hrj@severson.com
SEVERSON & WERSON
A Professional Corporation
One Embarcadero Center, Suite 2600
San Francisco, California 94111
Telephone: (415) 398-3344
Facsimile: (415) 956-0439

Attorneys for Defendant
NATIONSTAR MORTGAGE LLC incorrectly
sued as NATIONSTAR MORTGAGE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA—OAKLAND DIVISION

| | |
|---|---|
| CATHERINE KWON,<br><br>  Plaintiff,<br><br>  vs.<br><br>BANC OF AMERICA FUNDING AS TRUSTEE OF MORTGAGE LOAN TRUST 2005-F MORTGAGE PASS-THROUGH CERTIFICATES, 2005-F; COUNTRYWIDE FINANCIAL CORPORATION; COUNTRYWIDE HOME LOANS; COUNTRYWIDE BANK; BANK OF AMERICA CORPORATION; NATIONSTAR MORTGAGE; RECONTRUST COMPANY, N.A.; All persons unknown, claiming any legal or equitable right, title, estate lien, or interest in the Property described in this complaint adverse to Plaintiff's title, or any cloud on Plaintiff's title thereto; and DOES 1-50, inclusive,<br><br>  Defendants. | Case No. 3:14-cv-03602-PJH<br><br>**NATIONSTAR MORTGAGE LLC'S MOTION TO DISMISS COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED**<br><br>Date: December 3, 2014<br>Time: 9:00 a.m.<br>Dept.: Courtroom 3, 3rd Floor<br>Judge: Hon. Phyllis J. Hamilton<br><br>Action Filed:   August 8, 2014 |

**RE-NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on December 3, 2014 at 9:00 a.m., or as soon thereafter as the matter may be heard, in Courtroom 3 of the above-entitled Court, located at 1301 Clay Street, Oakland, California 94612, the Honorable Phyllis J. Hamilton, presiding, defendant Nationstar Mortgage LLC, incorrectly sued herein as Nationstar Mortgage ("Nationstar") will and hereby does move for an order dismissing plaintiff Catherine Kwon's Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

This motion is made pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and is based on the ground that the Complaint and each of its so-called claims against Nationstar fails to state a claim upon which relief can be granted.

This motion is based on this re-notice of motion and motion, the memorandum of points and authorities that follow, the accompanying request for judicial notice, the pleadings and records on file in this action, and upon such other oral and documentary evidence that may be presented at the hearing on this motion.

DATED:  October 14, 2014          SEVERSON & WERSON
                                  A Professional Corporation


                                  By:    /s/ Harold R. Jones
                                              Harold R. Jones

                                  Attorneys for Defendant
                                  NATIONSTAR MORTGAGE LLC

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ........................................................................................................... 1

II. STATEMENT OF FACTS .............................................................................................. 1

    A. Underlying Facts ................................................................................................. 2

    B. Plaintiff's claims in this case ............................................................................... 3

III. THE COMPLAINT FAILS TO STATE A VIABLE CLAIM AGAINST NATIONSTAR ................................................................................................................ 4

    A. Applicable Federal Pleading Standards .............................................................. 4

    B. Plaintiff's TILA claim fails as to Nationstar ....................................................... 5

    C. Plaintiff's Breach of Contract Claim Fails as to Nationstar ............................... 5

    D. Plaintiff Has Failed to Allege a Claim Against Nationstar for Breach of Fiduciary Duty .................................................................................................... 5

    E. Plaintiff's Fraud Claims Fail as to Nationstar .................................................... 6

    F. Plaintiff's Conspiracy Cause of Action Fails ..................................................... 7

    G. Plaintiff Is Not Entitled to Quiet Title ................................................................ 8

    H. The Claim for Slander of Title Fails .................................................................. 8

    I. Plaintiff Has Not Stated a Claim for Cancellation of Instruments ..................... 9

IV. CONCLUSION ............................................................................................................. 10

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Abdallah v. United Sav. Bank*,
   43 Cal.App.4th 1101 (1996) ................................................................................................... 9

*Acoustics, Inc. v. Trepte Constr. Co.*,
   14 Cal.App.3d 887 (1971) ...................................................................................................... 5

*Aguilar v. Bocci*,
   39 Cal.App.3d 475 (1974) ...................................................................................................... 8

*Albertson v. Raboff*,
   46 Cal.2d 375 (1956) .............................................................................................................. 9

*Alperin v. Vatican Bank*,
   410 F.3d 532 (9th Cir. 2005) .................................................................................................. 1

*Applied Equipment Corp. v. Litton Saudi Arabia Ltd.*,
   7 Cal.4th 503 (1994) ............................................................................................................... 7

*Arnolds Mgmt. Corp. v. Eischen*,
   158 Cal.App.3d 575 (1984) .................................................................................................... 9

*Associated Gen. Contractors v. Metro. Water Dist.*,
   159 F.3d 1178 (9th Cir.) ......................................................................................................... 4

*Balistreri v. Pacifica Police Dep't*,
   901 F.2d 696 (9th Cir. 1988) .................................................................................................. 4

*Barbara A. v. John G.*,
   145 Cal.App.3d 369 (1983) .................................................................................................... 6

*Bascos v. Fed. Home Loan Mortgage Corp.*,
   2011 WL 3157063 (C.D.Cal. 2011) ..................................................................................... 10

*Bell Atlantic Co. v. Twombly*,
   127 S.Ct. 1955 (2007) ............................................................................................................ 4

*Branch v. Tunnell*,
   14 F.3d 449 (9th Cir.1994) ..................................................................................................... 2

*Cairns v. Franklin Mint Co.*,
   24 F.Supp.2d 1013 (C.D. Cal. 1998) ...................................................................................... 4

*Clegg v. Cult Awareness Network*,
   18 F.3d 752 (9th Cir. 1994) .................................................................................................... 4

*Downey v Humphreys*,
    102 Cal.App.2d 323 (1951)..................................................................................................6

*Dubose v. Suntrust Mortg., Inc.*,
    2012 WL 1376983 (N.D.Cal. Apr.19, 2012) ........................................................................8

*Girard v. Delta Towers Joint Venture*,
    20 Cal.App.4th 1741 (1993)..................................................................................................6

*In re Glenfed, Inc. Sec. Litig.*,
    42 F.3d 1541 (9th Cir. 1994) ................................................................................................6

*Hafiz v. Greenpoint Mortg. Funding, Inc.*,
    652 F.Supp.2d 1039 (N.D. Cal. 2009) ................................................................................10

*Harris v. Capitol Records Distributing Corp.*,
    64 Cal.2d 454 (1966).............................................................................................................7

*Herbert v. Lankershim*,
    9 Cal.2d 409 (1937)...............................................................................................................5

*Jacob B. v. County of Shasta*,
    40 Cal.4th 948 (2007)............................................................................................................9

*Jenkins v. JP Morgan Chase Bank, N.A.*,
    216 Cal.App.4th, 497, 513 (2013)........................................................................................10

*Karlsen v. Am. Sav. & Loan Ass'n*,
    15 Cal.App.3d 112 (1971).....................................................................................................9

*Kidron v. Movie Acquisition Corp.*,
    40 Cal.App.4th 1571 (1995)..................................................................................................7

*Kim v. Sumitomo Bank*,
    17 Cal.App.4th 974 (1993)....................................................................................................6

*King v. California*,
    784 F.2d 910 (9th Cir. 1986).................................................................................................4

*Knievel v. ESPN*,
    393 F.3d 1068 (9th Cir. 2005)...........................................................................................1, 2

*Kourtis v. Cameron*,
    419 F.3d 989 (9th Cir. 2005).................................................................................................1

*Lane v. Vitek Real Estate Industries Group*,
    713 F.Supp.2d 1092 (E.D. Cal. 2010) .................................................................................10

*Lazo v. Summit Management Co., LLC*,
    2014 WL 3362289 (E.D. Cal. 2014) .....................................................................................8

*Mir v. Little Co. of Mary Hosp.*,
    844 F.2d 646 (9th Cir. 1988) ..................................................................................................1

*Moran v. GMAC Mortgage, LLC*,
    2014 WL 2768871 (N.D. Cal. 2014) ......................................................................................9

*Morris v. BMW of N. Am., LLC*,
    2007 WL 3342612 (N.D. Cal. 2007) ......................................................................................6

*Mulato v. WMC Mortg. Corp.*,
    2010 WL 1532276 (N.D. Cal. 2010) ....................................................................................10

*Nguyen v. Calhoun*,
    105 Cal.App.4th 428 (2003) ...................................................................................................9

*Nordeen v. Bank of America, N.A. (In re Nordeen)*,
    2013 WL 4042618 (9th Cir. BAP 2013) ..............................................................................10

*Nymark v. Heart Fed. Sav. & Loan Ass'n*,
    231 Cal.App.3d 1089 (1991) ..................................................................................................6

*Parrino v. FHP, Inc.*,
    146 F.3d 699, 706 (9th Cir.1998) ...........................................................................................2

*Price v. Wells Fargo Bank*,
    213 Cal.App.3d 465 (1989) ....................................................................................................6

*Reichert v. General Ins. Co. of Am.*,
    68 Cal.2d 822 (1968) ..............................................................................................................5

*Saldate v. Wilshire Credit Corp.*,
    2010 WL 624445 (E.D. Cal. 2010) ........................................................................................7

*Schreiber Distrib. Co. v. Serv-Well Furniture Co.*,
    806 F.2d 1393 (9th Cir. 1986) ................................................................................................6

*In re Silicon Graphics Inc. Sec. Litig.*,
    183 F.3d 970 (9th Cir.1999) ...................................................................................................2

*Tarmann v. State Farm Mut. Auto. Ins. Co.*,
    2 Cal.App.4th 153 (1991) .......................................................................................................7

*United States Cold Storage v. Great W. Sav. & Loan Ass'n*,
    165 Cal.App.3d 1214 (1985) ..................................................................................................9

*In re Verifone Secs. Litig.*,
    11 F.3d 865 (9th Cir. 1993) ....................................................................................................1

**STATUTES**

United States Code
    Title 15, § 1601, *et. seq.* ...........................................................................................................3

Cal. Civil Code
    § 47 ..........................................................................................................................................8, 9
    § 2924 ......................................................................................................................................8, 9

Cal. Code of Civil Procedure
    § 761.020 ......................................................................................................................................8

**RULES**

Federal Rules of Civil Procedure
    Rule 8 ............................................................................................................................................4
    Rule 9 ............................................................................................................................................6

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

Plaintiff Catherine Kwon ("Plaintiff" or "Kwon") is a defaulting home mortgage loan borrower. In 2005, Kwon borrowed $448,000 from Countrywide Home Loan, Inc. ("Countrywide") to refinance existing mortgage loans. To obtain the loan, she signed a deed of trust and promissory note encumbering her home. Thus, the $448,000 loan is secured by Kwon's home. The loan was soon assigned to a securitized trust. Nationstar Mortgage LLC, incorrectly sued herein as Nationstar Mortgage ("Nationstar") did not participate in the origination of the loan. Rather, Nationstar is the current loan servicer.

Unfortunately, Kwon has defaulted on her payment obligations under the loan. Rather than cure her default, Kwon has filed a Complaint in this Court alleging claims against Nationstar, Countrywide, the trustee of the securitized trust that is now beneficiary of her loan, her prior loan servicer, and the trustee under the deed of trust. The claims alleged are baseless. Indeed, the Complaint contains factual allegations of alleged wrongdoing by Nationstar. Accordingly, Nationstar files this motion to dismiss the Complaint for failure to state a claim upon which relief may be granted.

## II. STATEMENT OF FACTS

On a motion to dismiss, the Court accepts as true the facts properly pleaded in the complaint, but not conclusions of law.[1] Contents of documents on which plaintiff's claim depends, that are mentioned in the complaint and whose authenticity no party questions, may also be considered even if the documents are not attached to the complaint.[2] Also, "it is proper for the district court to 'take judicial notice of matters of public record outside the pleadings' and consider them for purposes of the motion to dismiss."[3]

---

[1] *Alperin v. Vatican Bank*, 410 F.3d 532, 541 (9th Cir. 2005); *In re Verifone Secs. Litig.*, 11 F.3d 865, 868 (9th Cir. 1993).

[2] *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005).

[3] *Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988); *accord Kourtis v. Cameron*, 419 F.3d 989, 994 n. 2 (9th Cir. 2005).

Under the "incorporation by reference doctrine," the Court may also consider exhibits to the complaint as well as other documents "whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading."[4] The Ninth Circuit has "extended the 'incorporation by reference' doctrine to situations in which the plaintiff's claim depends on the contents of a document, the defendant attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of the document, even though the plaintiff does not explicitly allege the contents of that document in the complaint."[5]

The facts are stated below in accordance with those rules even though Nationstar denies most or all of Kwon's allegations recited below.

## A. Underlying Facts

Nine years ago, on May 24, 2005, Kwon borrowed $448,000 from Countrywide Home Loans, Inc. ("Countrywide") to refinance existing home loans. To obtain the mortgage loan Kwon signed a deed of trust and promissory note. (Request for Judicial Notice ("RJN"), Ex. A ("Deed"). Kwon's condominium located at 6363 Christie Ave, # 2422, Emeryville, California (the "Property") secured the loan. (Deed, p. 3; Compl., ¶ 23.) The Deed identifies Kwon as the "borrower," (Deed, p. 1 ¶ (B)), Countrywide as the "Lender" (Deed, p.2, ¶ (C)), Recon Trust Company as the "Trustee" (Deed, p.2 ¶ (D), and further provides,

> "MERS" is Mortgage Electronic Registration Systems, Inc. MERS is a separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns. **MERS is the beneficiary under this Security Instrument.** MERS is organized and existing under the laws of Delaware, and has an address and telephone number of.."

(Deed, p.2, ¶ (E) (emphasis in original).)

---

[4] *In re Silicon Graphics Inc. Sec. Litig.*, 183 F.3d 970, 986 (9th Cir.1999); *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir.1994).

[5] *Knievel*, 393 F.3d at 1076 (considering surrounding webpages to determine whether accused webpage was defamatory in context); *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir.1998) (district court properly considered documents attached to a motion to dismiss that described the terms of plaintiff's group health insurance plan, where plaintiff alleged membership in the plan, his claims depended on the conditions described in the documents, and plaintiff never disputed their authenticity).

The Deed further provides:

> **Acceleration; Remedies**. Lender shall give notice to Borrower prior to acceleration following any breach of any covenant or agreement in this Security Instrument. The notice shall specify:
>
> (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice of given to Borrower, by which the default must be cured; (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property..
>
> If Lender invokes the power of sale, Lender shall execute or cause Trustee to execute a written notice of the occurrence of an event of default and of Lender's election to cause the Property to be sold. After the time required by Applicable Law, Trustee, without demand on Borrower, shall sell the Property at public auction to the highest bidder at the time and place and under the terms designated in the notice of sale in one or more parcels and in any order Trustee determines.

(Deed, p. 13, ¶ (22).)  Accordingly, the Deed Kwon signed states the Property may be sold upon her default. The Deed does not mention Nationstar. (Deed.)  Nationstar is the current servicer of the mortgage loan.  (Compl., ¶ 13.)

On July 21, 2014, a Notice of Default and Election to Sell Under Deed of Trust was recorded in the Official Records of Alameda County.  (RJN, Ex. B.)  The Notice states as of July 16, 2014, Kwon owed $133,242.50.  (*Id.*)

**B.    Plaintiff's claims in this case**

On August 8, 2014, Kwon filed a Complaint in this Court alleging causes of action for: (1) violation of the Truth in Lending Act, 15 U.S.C. § 1601, *et. seq.*; (2) breach of contract; (3) breach of fiduciary duty; (4) common law fraud–inducement; (5) common law fraud–concealment; (6) constructive fraud; (7) conspiracy; (8) quiet title; (9) slander of title; and (10) cancellation of instruments.  (Compl.)  The Complaint contains no allegations of wrongdoing by Nationstar. (Compl.)

In the Complaint, Kwon alleges Countrywide attempted to assign the Deed and promissory note to a securitized trust but failed because it did not do so within the time required under the applicable pooling and servicing agreement ("PSA").  (Compl., ¶¶ 66-69.)

## III. THE COMPLAINT FAILS TO STATE A VIABLE CLAIM AGAINST NATIONSTAR

### A.  Applicable Federal Pleading Standards

Under Rule 8(a), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face."[6] Stated differently, a plaintiff must plead sufficient facts "to provide the 'grounds' of his 'entitle[ment] to relief,' [which] requires more than labels and conclusions, and [for which] a formulaic recitation of the elements of a cause of action will not do."[7] Thus, a complaint cannot simply "le[ave] open the possibility that a plaintiff might later establish some 'set of undisclosed facts' to support recovery."[8] Rather, the facts set forth in the complaint must be sufficient to "nudge the . . . claims across the line from conceivable to plausible."[9]

A motion to dismiss tests the legal sufficiency of the claims alleged in the complaint.[10] A claim is properly dismissed for "lack of a cognizable legal theory," "absence of sufficient facts alleged under a cognizable legal theory," or seeking remedies to which plaintiff is not entitled as a matter of law.[11]

Although facts properly alleged must be construed most favorably to plaintiff, "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss."[12] "[T]he court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged."[13] And, as already indicated,

---

[6] *Bell Atlantic Co. v. Twombly*, 127 S.Ct. 1955, 1974 (2007) ("*Twombly*").

[7] *Id*. at 1964-65 (citation omitted).

[8] *Id*. at 1968 (citation omitted).

[9] *Id*. at 1974.

[10] *Cairns v. Franklin Mint Co.*, 24 F.Supp.2d 1013, 1023 (C.D. Cal. 1998).

[11] *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988); *King v. California*, 784 F.2d 910, 913 (9th Cir. 1986).

[12] *Associated Gen. Contractors v. Metro. Water Dist.,* 159 F.3d 1178, 1181 (9th Cir.) (citation omitted).

[13] *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).

1 the Court may properly consider facts properly subject to judicial notice or evident in documents
2 attached to or mentioned in the complaint. (*See* pp. 3-4, above.)
3 　　　　As explained below, Kwon's claims against Nationstar fail to meet these standards because
4 the Complaint does not contain any allegations of alleged wrongdoing by Nationstar. (Compl.)

**B.     Plaintiff's TILA claim fails as to Nationstar**

The Complaint's first cause of action for violation of TILA fails as to Nationstar. Kwon has failed to allege any acts by Nationstar in connection with the origination of her loan. Moreover, Kwon does not allege any act by Nationstar in violation of TILA. Accordingly, the claim fails.

**C.     Plaintiff's Breach of Contract Claim Fails as to Nationstar**

The Complaint's second cause of action for breach of contract fails as to Nationstar. The elements of a cause of action for breach of contract are: (1) the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) the resulting damages to plaintiff.[14] Kwon has failed to state a claim against Nationstar for breach of contract because she has failed to allege any facts showing she ever entered into a contract with Nationstar. In addition, she has failed to allege any facts showing Nationstar breached the terms of any contract.

**D.     Plaintiff Has Failed to Allege a Claim Against Nationstar for Breach of Fiduciary Duty**

Kwon's third purported cause of action for breach of fiduciary duty fails as to Nationstar. A fiduciary relationship is a "relation existing between two parties to a transaction wherein one of the parties to a transaction is in duty bound to act with the utmost good faith for the benefit of the other party."[15] This special relationship "ordinarily arises where a confidence is reposed by one person in the integrity of another, and in such a relation the party in whom the confidence is reposed, if he [or she] voluntarily accepts or assumes to accept the confidence, can take no

---

[14] *Reichert v. General Ins. Co. of Am.*, 68 Cal.2d 822, 830 (1968); *Acoustics, Inc. v. Trepte Constr. Co.*, 14 Cal.App.3d 887, 913 (1971).

[15] *Herbert v. Lankershim*, 9 Cal.2d 409, 483 (1937).

advantage from his [or her] acts relating to the interest of the other party without the latter's knowledge or consent ...."[16]

California courts have consistently refused to extend the "'special relationship' doctrine to include ordinary commercial contractual relationships."[17] or to debtor-creditor relationships in particular. "The relationship between a lending institution and its borrower-client is not fiduciary in nature."[18] "[B]etween a bank and its loan customers" there is no fiduciary relationship.[19] "A debt is not a trust and there is not a fiduciary duty relation between debtor and creditor as such."[20]

Kwon's claim for breach of fiduciary duty against Nationstar fails because she has failed to allege any facts in the Complaint from which a fiduciary duty might arise.

### E. Plaintiff's Fraud Claims Fail as to Nationstar

Kwon's fourth cause of action for common law fraud–inducement, fifth cause of action for common law fraud–concealment, and sixth cause of action for constructive fraud each fail as to Nationstar. Under Fed. R. Civ. P. 9(b), "[i]n alleging fraud... a party must state with particularity the circumstances constituting fraud...."

To satisfy Rule 9(b)'s standard, the complaint must allege "particular facts going to the circumstances of the fraud, including time, place, persons, statements made and an explanation of how or why such statements are false or misleading."[21] In a fraud action against a corporation, the complaint must "allege the names of the persons who made the allegedly fraudulent representations, their authority to speak, to whom they spoke, what they said or wrote, and when it

---

[16] *Id.*; *see also Barbara A. v. John G.*, 145 Cal.App.3d 369, 382 (1983).

[17] *Girard v. Delta Towers Joint Venture*, 20 Cal.App.4th 1741, 1749 (1993).

[18] *Nymark v. Heart Fed. Sav. & Loan Ass'n*, 231 Cal.App.3d 1089, 1093 n.1 (1991).

[19] *Price v. Wells Fargo Bank*, 213 Cal.App.3d 465, 476 (1989); *see also Kim v. Sumitomo Bank*, 17 Cal.App.4th 974, 981 (1993)(same).

[20] *Downey v Humphreys*, 102 Cal.App.2d 323, 332 (1951).

[21] *Morris v. BMW of N. Am., LLC*, 2007 WL 3342612, at *3 (N.D. Cal. 2007) (citing *In re Glenfed, Inc. Sec. Litig.*, 42 F.3d 1541, 1547-48 n.7 (9th Cir. 1994) (en banc)); *see also Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986) (noting that under Rule 9(b) "the pleader must state the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation.").

was said or written."[22]

The Complaint's three fraud claims fail as to Nationstar. Kwon's claims are based upon alleged statements and omissions that occurred before, or in connection with, the origination of her mortgage loan. (Compl., ¶¶ 96, 98-101, 104, 106, 110-111.) Kwon has failed to allege any facts showing Nationstar participated in the origination of her loan. (Compl.) She has failed to allege she ever communicated with Nationstar. (Compl.) Moreover, Kwon has failed to allege any facts showing any act or omission by a Nationstar employee. Thus, she has failed to allege any facts showing Nationstar induced her to take any action or concealed any fact from her. Accordingly, Kwon has failed to allege any facts supporting a claim against Nationstar for fraud based upon inducement or concealment. Kwon has also failed to allege any fact showing Nationstar undertook any action that resulted in constructive fraud. Thus, she has failed to allege a claim for constructive fraud against Nationstar. The Complaint's fourth, fifth and sixth causes of action therefore fail.

**F.   Plaintiff's Conspiracy Cause of Action Fails**

The Complaint's seventh cause of action for civil conspiracy fails as well. "The elements of an action for civil conspiracy are the formation and operation of the conspiracy and damage resulting to plaintiff from an act or acts done in furtherance of the common design...."[23] "The basis of a civil conspiracy is the formation of a group of two or more persons who have agreed to a common plan or design to commit a tortious act."[24] Most importantly, "to be a conspirator one must share a common purpose with another, not merely suspect or have knowledge of the other's own private purpose."[25]

---

[22] *Saldate v. Wilshire Credit Corp.*, 2010 WL 624445 (E.D. Cal. 2010), quoting *Tarmann v. State Farm Mut. Auto. Ins. Co.*, 2 Cal.App.4th 153, 157 (1991).

[23] *Applied Equipment Corp. v. Litton Saudi Arabia Ltd.*, 7 Cal.4th 503, 511 (1994).

[24] *Kidron v. Movie Acquisition Corp.*, 40 Cal.App.4th 1571, 1582 (1995).

[25] *Harris v. Capitol Records Distributing Corp.*, 64 Cal.2d 454, 462 (1966); *see also Kidron v. Movie Acquisition Corp.* 40 Cal.App.4th at 1582 (1995) ("The conspiring defendants must also have actual knowledge that a tort is planned and concur in the tortious scheme with knowledge of its unlawful purpose.").)

1          The claim fails as to Nationstar because the Complaint does not contain any factual
2  allegations showing any action undertaken by Nationstar. (Compl.) The Complaint does not
3  contain any factual allegations showing Nationstar ever agreed with any other person or entity to
4  commit any act. (Compl.) Further, the Complaint does not contain any factual allegations
5  showing Nationstar ever shared a common purpose with any other person or entity. (Compl.)
6  Accordingly, Kwon's conspiracy claim fails as to Nationstar.

7  **G.     Plaintiff Is Not Entitled to Quiet Title**

8          The eighth cause of action for quiet title fails for at least two reasons. First, Kwon has
9  failed to allege any facts showing Nationstar has made an adverse claim to title as required by
10 California Code of Civil Procedure section 761.020(c).[26]

11         Second, Kwon had failed to allege that she has tendered or promised to tender the amount
12 of her debt. A trustor cannot "quiet title without discharging his debt. The cloud upon his title
13 persists until the debt is paid."[27] Simply stated, Kwon cannot obtain quiet title to the foreclosed
14 property without paying or tendering what she borrowed against the property. Kwon asks for
15 relief in equity, but does not offer to do equity herself. Instead, she seeks a windfall: the Property,
16 free of liens, while she also retains, without any obligation to repay, the $448,000.00 she received
17 from Countrywide. California law does not countenance such an inequitable claim. Accordingly,
18 Kwan's claim for quiet title fails.

19 **H.     The Claim for Slander of Title Fails**

20         Kwon has no viable slander of title action for two reasons.
21         First, non-judicial foreclosure documents are privileged communications, unless the
22 recordation was done with malice.[28] Civil Code § 47's privilege "bars all tort causes of action except

---

[26] Cal. Code Civ. Proc. § 761.020(c).

[27] *Aguilar v. Bocci*, 39 Cal.App.3d 475, 477 (1974) (citation omitted).

[28] *Lazo v. Summit Management Co., LLC*, 2014 WL 3362289 *17 (E.D. Cal. 2014); Cal. Civ. Code § 2924(d)(1); *see also Dubose v. Suntrust Mortg., Inc.*, 2012 WL 1376983, at *3 (N.D.Cal. Apr.19, 2012) (dismissing a slander of title claim because the recording of a notice of default, notice of trustee sale, and substitution of trustee were privileged).

1  malicious prosecution."[29]  In particular, the privilege bars a slander of title claim based on the

2  recordation of the privileged document.[30]  Under Civil Code § 2924(d), the act on which Kwon

3  bases her slander of title claim is privileged under § 47.  Kwon allege no facts raising any

4  inference of malice.  Accordingly, the slander of title cause of action states no claim on which

5  relief may be granted.

6  Second, the slander of title claim cannot succeed because tender of the amount owed is a

7  condition precedent to any claim of wrongful foreclosure or any claim challenging the regularity

8  of a foreclosure procedure, such as recording the notice of default or sale, or the validity of a

9  foreclosure sale.[31]  The tender rule is strictly applied.[32] As explained in the immediately preceding

10 section, Kwon has not alleged tender.  As a result, the slander of title claim does not state a claim

11 upon which relief may be granted.

12 **I.     Plaintiff Has Not Stated a Claim for Cancellation of Instruments**

13 The ninth cause of action seeks to cancel the Deed, Substitution of Trustee and Assignment

14 of Deed of Trust.  The claim fails because Kwon has failed to allege any facts showing a legally

15 cognizable reason for cancelling those recorded documents.

16 Further, to the extent she seeks to cancel those instruments based upon an alleged failure to

17 transfer her loan to the securitized trust, the theory fails.  As explained by this Court in the recent

18 case *Moran v. GMAC Mortgage, LLC*, 2014 WL 2768871 (N.D. Cal. 2014), a borrower such as

19 Kwon simply lacks standing to challenge the transfer of her mortgage loan to a trust because

20 "neither the case law nor any statute creates a cause of action for individuals who have not suffered

---

[29] *Jacob B. v. County of Shasta*, 40 Cal.4th 948, 960 (2007).

[30] *Albertson v. Raboff*, 46 Cal.2d 375, 378-81 (1956).

[31] *See Abdallah v. United Sav. Bank,* 43 Cal.App.4th 1101, 1109 (1996) (in affirming sustaining of demurrer without leave to amend, court explained that the tender rule applies to "any cause of action for irregularity in the sale procedure"); *United States Cold Storage v. Great W. Sav. & Loan Ass'n*, 165 Cal.App.3d 1214, 1225 (1985); *Arnolds Mgmt. Corp. v. Eischen*, 158 Cal.App.3d 575, 578-79 (1984); *Karlsen v. Am. Sav. & Loan Ass'n*, 15 Cal.App.3d 112, 117 (1971).

[32] *See Nguyen v. Calhoun*, 105 Cal.App.4th 428, 439 (2003).

11951.0465/3446812.2                                9                                3:14-cv-03602 EDL
NATIONSTAR MORTGAGE LLC'S MOTION TO DISMISS COMPLAINT FOR
FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED

a distinct injury due to failures in the transfer of title."[33]  In short, Kwon lacks standing to challenge how the securitization occurred. [34]

Accordingly, the Complaint fails to state facts upon which a claim for cancellation of documents may be granted.

## IV.  CONCLUSION

For the foregoing reasons, Nationstar requests that the Court grant its motion to dismiss the Complaint in its entirety.

DATED:  October 14, 2014                SEVERSON & WERSON
                                        A Professional Corporation


                                        By:   /s/ Harold R. Jones
                                                  Harold R. Jones

                                        Attorneys for Defendant NATIONSTAR MORTGAGE LLC incorrectly sued as NATIONSTAR MORTGAGE

---

[33] *Id*. at *5.

[34] *Jenkins v. JP Morgan Chase Bank, N.A*., 216 Cal.App.4th, 497, 513 (2013); *see also Nordeen v. Bank of America, N.A. (In re Nordeen)*, 2013 WL 4042618 at *7-8, (9th Cir. BAP 2013) (collecting cases throughout the Ninth Circuit rejecting the securitization argument); *Lane v. Vitek Real Estate Industries Group*, 713 F.Supp.2d 1092, 1099 (E.D. Cal. 2010), *Hafiz v. Greenpoint Mortg. Funding, Inc.*, 652 F.Supp.2d 1039, 1042-43 (N.D. Cal. 2009), *Mulato v. WMC Mortg. Corp.*, 2010 WL 1532276, at *2 (N.D. Cal. 2010), and *Bascos v. Fed. Home Loan Mortgage Corp.*, 2011 WL 3157063 (C.D.Cal. 2011).