UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CATHERINE KWON,

    Plaintiff,

    v.

BANC OF AMERICA FUNDING 2005F TRUST, et al.,

    Defendants.
_____/

No. C 14-3602 PJH

**ORDER GRANTING MOTION TO DISMISS**

    Defendants' motion to dismiss came on for hearing before this court on January 28, 2015. Plaintiff Catherine Kwon ("plaintiff") appeared through Melanie Popper (who has not entered an appearance in this case). Defendants Banc of America Funding (as trustee of Mortgage Loan Trust 2005-F Mortgage Pass-Through Certificates, 2005-F), Countrywide Financial Corporation, Countrywide Home Loans, Countrywide Bank, Bank of America Corporation, and Recontrust Company, N.A. ("defendants") appeared through their counsel, Joel Spann. Having read the papers filed in conjunction with the motion and carefully considered the arguments and the relevant legal authority, and good cause appearing, the court hereby GRANTS defendants' motion, without leave to amend, as follows.

    In this mortgage case, plaintiff asserts ten causes of action: (1) violation of the Truth in Lending Act, (2) breach of contract, (3) breach of fiduciary duty, (4) fraud – inducement, (5) fraud – concealment, (6) constructive fraud, (7) conspiracy, (8) quiet title, (9) slander of title, and (10) cancellation of instruments. Defendants argue – and plaintiff does not dispute – that the first seven causes of action relate to the origination of plaintiff's mortgage loan, which occurred in May 2005. Defendants point out that the relevant limitations

periods for those seven claims range from one year to four years, and thus, each of those seven claims is time-barred.

Plaintiff only briefly addressed the statute of limitations argument in her opposition brief, and did not offer any direct argument that the limitations period should be tolled:

> In [defendants'] motion to dismiss, the grounds for dismissal of basically every cause of action is based on the statute of limitation. However, plaintiff contends that the failure of Countrywide Home Loans to provide executed dated copies of the mortgage loan documents at the loan closing, was a clear violation of federal law.

Dkt. 34 at 2.

The court finds that, even if true, defendants' alleged failure to provide plaintiff with copies of the loan documents that <u>she herself signed</u> cannot provide a basis for tolling the relevant limitations periods.  Equitable tolling is appropriate only if "despite all due diligence, a plaintiff is unable to obtain vital information bearing on the existence" of her claims.  <u>Santa Maria v. Pacific Bell</u>, 202 F.3d 1170, 1176 (9th Cir. 2000).  Plaintiff had access to the loan documents at the time that she signed them, which shows that she had the "vital information bearing on the existence" of her claims in May 2005.  Moreover, even if obtaining copies of the "executed dated copies" of the documents was relevant to the tolling analysis, plaintiff has not alleged that she was diligent in attempting to obtain those copies.

At the hearing, plaintiff raised a slightly different argument, suggesting that the limitations periods should be tolled because she was not provided with documents related to the allegedly-invalid assignment of her loan.  While plaintiff's opposition brief did not draw a connection between the assignment-related documents and tolling the relevant limitations period, it does state that Countrywide Home Loans ("CHL") "securitized plaintiff's single-family residential mortgage loan" into a trust run by Banc of America Funding, and alleges that plaintiff "never received notice . . . that CHL beneficial interest had been transferred to [the] trust," and that "CHL retained no beneficial interest in the loan that could be transferred to the trust in any purchase and assumption agreement." Dkt. 34 at 3-4. Based on those allegations, combined with representations made at the hearing, the court

understands plaintiff's argument to be that tolling is warranted based on the failure of defendants to provide documents related to the allegedly-faulty assignment of her loan to a trust.

Even if the court were to overlook this argument's absence from plaintiff's opposition brief, and even if plaintiff had alleged that she was diligent in attempting to obtain the assignment-related documents, any allegations related to the allegedly-failed securitization or transfer of plaintiff's loan have no bearing on plaintiff's claims. Courts in this district have repeatedly held that "plaintiffs lack standing to challenge noncompliance with a [pooling and servicing agreement ("PSA")] in securitization unless they are parties to the PSA or third party beneficiaries of the PSA." Shkolnikov v. JPMorgan Chase Bank, 2012 WL 6553988 at *13 (N.D. Cal. Dec. 14, 2012); see also, e.g., Zapata v. Wells Fargo Bank, N.A., 2013 WL 6491377 at *2 (N.D. Cal. Dec. 10, 2013); Apostol v. CitiMortgage, Inc., 2013 WL 6328256 at *7 (N.D. Cal. Nov. 21, 2013); Dahnken v. Wells Fargo Bank, N.A., 2013 WL 5979356 at *2 (N.D. Cal. Nov. 8, 2013); Almutarreb v. Bank of New York Trust Co., N.A., 2012 WL 4371410 at *2 (N.D. Cal. Sept. 24, 2012). Thus, the court finds that any amendment to add these allegations would be irrelevant to the tolling analysis, and would therefore be futile. Accordingly, plaintiff's first, second, third, fourth, fifth, sixth, and seventh causes of action are DISMISSED as time-barred, without leave to amend.

Even if the court were to reach the merits of plaintiff's origination-based claims, the second, third, fourth, fifth, sixth, and seventh claims must also be dismissed for failure to state a claim.

On the second cause of action (for breach of contract), plaintiff does not actually allege that the terms of her loan agreement were breached, but instead alleges that defendants promised plaintiff that they would secure a loan that she could afford, and inaccurately filled out her loan application papers. Complaint, ¶ 86 (defendants "expressly or impliedly promised the plaintiff that they would secure for them the mortgage loans available with an implied duty of good faith and fair dealing."). Thus, any alleged promise(s) actually preceded the formation of the mortgage loan contract itself. In order for

3

these promises to be valid contracts, they must have been supported by consideration, which plaintiff does not allege. As a result, there was no contract in existence at the time of the challenged conduct, and thus, there can be no breach – either of the contract itself, or of the implied duty of good faith and fair dealing. Plaintiff's second cause of action must therefore be dismissed, and because plaintiff's opposition did not provide any basis for granting leave to amend, no such leave is granted. Indeed, the court notes that plaintiff's opposition brief does not discuss the merits of any specific claim, and instead, focuses mostly on alleged "litigation delay tactics [sic]" by defendants.

On the third cause of action (breach of fiduciary duty), defendants correctly argue that borrowers are not owed a fiduciary duty by lenders. See Nymark v. Heart Fed. Savings & Loan Assn., 231 Cal.App.3d 1089, 1093 n.1 (1991) ("The relationship between a lending institution and its borrower-client is not fiduciary in nature."). Plaintiff's third cause of action must therefore be dismissed, and because plaintiff's opposition did not provide any basis for granting leave to amend, no such leave is granted.

Plaintiff's fourth, fifth, and sixth causes of action all involve allegations of fraud. The fifth cause of action (fraudulent concealment) and sixth cause of action (constructive fraud) are premised on the existence of a legal duty to disclose information, and plaintiff has not alleged that defendants had a legal duty to disclose the existence of any "kickbacks" or "referral fees." See Baggett v. Hewlett-Packard Co., 582 F.Supp.2d 1261, 1267 (C.D. Cal. 2007) ("concealment . . . can constitute actionable fraud only when the defendant had a duty to disclose what was concealed.").

The fourth cause of action (fraud in the inducement) does not depend on the existence of a legal duty, but does require reasonable reliance on an alleged misrepresentation. Plaintiff alleges that defendants affirmatively promised that they would obtain for plaintiff an affordable loan, but plaintiff cannot allege that she reasonably relied on that representation when she was offered a loan that she could not in fact afford. Thus, plaintiff's fourth cause of action must be dismissed. Because plaintiff's opposition did not provide any basis for granting leave to amend on the fraud-based claims, no such leave is

granted.

On the seventh cause of action (conspiracy), plaintiff does not plead a viable underlying tort, nor does she allege participation between the parties. Plaintiff's seventh cause of action must therefore be dismissed, and because plaintiff's opposition did not provide any basis for granting leave to amend, no such leave is granted.

Defendants do not argue that the eighth, ninth, and tenth causes of action are time-barred, instead arguing only that they fail to state a claim. As to the eighth cause of action (quiet title), defendants point out that plaintiff has not alleged that she has tendered or is willing/able to tender the amount owed. See Briosos v. Wells Fargo Bank, 737 F.Supp.2d 1018, 1032 (N.D. Cal. 2010) ("to maintain a quiet title claim, a plaintiff is required to allege tender of the proceeds of the loan at the pleading stage") (internal quotations and citations omitted). Plaintiff's eighth cause of action must therefore be dismissed, and because plaintiff's opposition did not provide any basis for granting leave to amend, no such leave is granted.

As to the ninth cause of action (slander of title), defendants correctly point out that the challenged publications were privileged under Cal. Civil Code § 2924(d). Plaintiff's ninth cause of action must therefore be dismissed, and because plaintiff's opposition did not provide any basis for granting leave to amend, no such leave is granted.

Finally, on the tenth cause of action (cancellation of instruments), the complaint does not provide any basis for cancellation, and indeed, plaintiff admits that she failed to make payments under the terms of the loan, and that defendants have the right to foreclose in such instance. Plaintiff's tenth cause of action must therefore be dismissed, and because plaintiff's opposition did not provide any basis for granting leave to amend, no such leave is granted.

**IT IS SO ORDERED.**

Dated: January 29, 2015

PHYLLIS J. HAMILTON
United States District Judge

5